FILED
2004 Nov-17 AM 10:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MIKE C. MONTABANA and JIMMY BRUCE BAILEY, | ]<br>]<br>] |
| Plaintiff(s), | ]<br>] |
| vs. | ] CV-02-CO-02955-W<br>] |
| ROBERT BARTH, | ]<br>] |
| Defendant(s). | ] |

MEMORANDUM OF OPINION

I.   Introduction.

The Court currently has for consideration defendant Dr. Robert Barth's motion for summary judgment, which was filed on August 23, 2004. (Doc. 36.) The plaintiffs, Mike C. Montabana and Jimmy Bruce Bailey, have asserted claims of negligence, gross negligence, professional malpractice, and intentional infliction of emotional distress against Dr. Barth, a licensed psychologist, for his role in examinations they allege caused them to lose employment disability benefits. (Doc. 1.) According to the Court's order, which was entered on June 11, 2003, Plaintiffs had twenty-one (21) days,

or until September 13, 2004, to file a response to Defendant's motion for summary judgment. (Doc. 19.) Plaintiffs, to this day, have not filed any response. The issues raised in Defendant's motion for summary judgment are, nonetheless, ripe for decision at this time. Upon due consideration, Defendant's motion is due to be granted in all respects.

II.     Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.

*Celotex*, 477 U.S. at 322–23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

III.   Discussion.

    A.   Negligence, Gross Negligence, and Professional Malpractice.

Plaintiffs allege claims of negligence, gross negligence, and professional malpractice against Dr. Barth. (Doc. 1.) Under Alabama law, in order to prove liability under any of these theories, a plaintiff must

establish that a duty of care exists, the appropriate standard of care, the defendant breached that standard of care, and such breach was the proximate cause of injury to the plaintiff.  *See, e.g.*, *Jones v. Newton*, 454 So. 2d 1345, 1348 (Ala. 1984) (negligence); *Ridgely Operating Co. v. White*, 150 So. 693, 695 (Ala. 1933) (gross negligence);  *E. Alabama Behavioral Medicine v. Chancey*, 2003 WL 22320951 at *8 (Ala. Oct. 10, 2003) (medical malpractice); *Herston v. Whitesell*, 348 So. 2d 1054, 1057 (Ala. 1977) (legal malpractice).

Dr. Barth claims that he did not have any duty to the plaintiffs because there was no psychologist-patient relationship.  Rather, Dr. Barth says he was hired by the plaintiffs' employer to conduct an independent psychological examination of the plaintiffs and provide his opinion to the employer.  (Doc. 37 at 10—13; Ex. 1 at 2.)  "In Alabama, the existence of a duty is a strictly legal question to be determined by the court." *Taylor v. Smith*, 2004 WL 473322 at *3 (Ala. Mar. 12, 2004) (citing *Wal-Mart Stores, Inc. v. Smitherman*, 872 So. 2d 883 (Ala. 2003); *Ex parte Farmers Exch. Bank*, 783 So. 2d 24, 27 (Ala. 2000)).  Plaintiffs assert in their complaint that Dr. Barth has a legal duty "not to hold himself out [to third parties] as

having the same expertise as a medical doctor or any specialty other than that in which he was licensed." (Doc. 1 at 4—5.) Plaintiffs have not indicated any statutory or case law to back their claim. As Defendants outline in their brief, other jurisdictions have concluded that physicians or psychologists who conduct independent examinations have no duty to the individual examined because there is no doctor-patient relationship. *See, e.g., Hafner v. Beck*, 916 P.2d 1105, 1107 (Ariz. App. Div. 1995). Alabama courts, however, have yet to make a determination on this issue. Therefore, for the purposes of this opinion, this Court will proceed under the assumption that a legal duty did in fact exist between Dr. Barth and the plaintiffs.

Assuming Dr. Barth did have a legal duty to the plaintiffs, Defendant argues that Plaintiffs have not presented substantial evidence that he breached that duty. (Doc. 37 at 13.) Plaintiffs merely assert in their complaint that Dr. Barth breached his duty of care by giving "medical" opinions that he was not qualified to give. (Doc. 1 at 4—5.) Defendant, on the other hand, has submitted his own affidavit that states he handled the plaintiffs' examinations in a standard manner and "completely within the

boundaries of [his] licensure and specialization." (Ex. 1 at 2.) Defendant has also submitted the affidavit of a clinical neuropsychologist (Ex. 8) and a licensed psychologist (Ex. 12), both of whom state that it is their opinion that Dr. Barth did not exceed the scope of his license in either his examination of the plaintiffs or the opinions he provided their employer. In medical malpractice cases, Alabama law requires that the plaintiff "present expert evidence regarding the physician's standard of care and the physician's breach of that standard." *E. Alabama Behavioral Medicine v. Chancey*, 2003 WL 22320951 at *8 (Ala. Oct. 10, 2003). Here, Plaintiffs have not submitted *any* evidence, expert or not, that establishes the appropriate standard of care in this case or shows that Dr. Barth breached that standard of care. Plaintiffs have failed to provide the Court with any evidence that Dr. Barth exceeded the scope of his license, as they claim in their complaint. Because the plaintiffs have not provided any evidence from which a reasonable jury could conclude that Dr. Barth breached a duty of care, summary judgment is due to be granted on Plaintiffs' negligence, gross negligence, and professional malpractice claims.

B.   Intentional Infliction of Emotional Distress.

Plaintiffs also allege a claim of intentional infliction of emotional distress in their complaint; they state that Dr. Barth's "conduct toward each plaintiff was extreme and outrageous and was utterly intolerable in a civilized society." (Doc. 1 at 6.)  Defendant denies the charge and argues that Plaintiffs have not submitted substantial evidence in support of this claim.  Under Alabama law, "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from the distress." *Amer. Road Serv. Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1981). However, the "emotional distress thereunder must be so severe that no reasonable person could be expected to endure it." *Id*.  Plaintiffs have submitted no evidence that supports a claim that Dr. Barth's conduct was extreme and outrageous under the law, no evidence that such conduct was intentional or reckless, no evidence of severe emotional distress, and no evidence of causation.  Therefore, no reasonable jury could find in favor

of the plaintiffs on this claim and Defendant is entitled to summary judgment.[1]

IV.   Conclusion.

Defendant's motion for summary judgment is due to be granted in all respects.  A separate order will be entered in conformity with this opinion.

Done this  17th  day of November 2004.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Defendant has also argued that Plaintiff Jimmy Bailey's claims are time-barred and Plaintiffs' claims are preempted by ERISA.  Because the Court has found that summary judgment is due to be granted on all claims in this case, it is not necessary for the Court to address these arguments.